UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| 750 CROCKETT STREET HOMEOWNERS ASSOCIATION, a Washington non-profit corporation,<br><br>                                  Plaintiff,<br><br>v.<br><br>AMERICAN FAMILY MUTUAL INSURANCE COMPANY; a Wisconsin Corporation,<br><br>                                  Defendant. | **COMPLAINT FOR DECLARATORY RELIEF, BAD FAITH, AND CPA VIOLATIONS**<br><br>**JURY DEMAND** |

Plaintiff 750 Crockett Street Homeowners Association (the "Association") alleges as follows:

### I.     INTRODUCTION

1.1     This is an action for declaratory judgment (including money damages); Consumer Protection Act ("CPA") violations; and Bad Faith, seeking:

(A)     A declaration of the rights, duties and liabilities of the parties with respect to certain controverted issues under Defendant American Family Mutual Insurance Company ("American Family") policies issued to the Association. The Association is seeking a ruling that American Family's policies provide coverage for the hidden damage at the 750 Crockett Condominium complex and that American Family is liable for money damages for the cost of repairing hidden damage at the 750 Crockett Condominium complex.

(B)     CPA Penalties.  For CPA penalties of up to $25,000 per violation against American Family.

(C)     Monetary damages for bad faith in an amount to be proven at trial.

(D)     Attorneysøfees (including expert witness fees) and costs.

(E)     Any other relief the Court deems just and equitable.

## II.     PARTIES AND INSURANCE CONTRACTS

2.1     The Association. The Association is a nonprofit corporation organized under the laws of the state of Washington with its principal place of business located in Seattle, Washington. The Association has the duty to maintain the common elements and any limited common elements of the 750 Crockett Condominium complex located at 750 Crockett Street Seattle, WA 98109.  The Association consists of a four story wood framed residential building with a total of nine units.

2.2     American Family.  American Family is a Wisconsin domiciled insurer with its principal place of business in Madison, Wisconsin.  American Family sold property insurance policies to the Association including Policy No. 46X1525001.  On information and believe Policy No. 46X1525001 was in effect from at least 01/01/2012 ó 01/01/2017.

## III.     JURISDICTION AND VENUE

3.1     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.

3.2     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) as American Family marketed and sold insurance to the Association in King County; a substantial part of the events giving rise to the claim, including the breach of contract, occurred in King County; and the insured condominium building is located in King County.

## IV.     FACTS

4.1     Incorporation by Reference. The Association re-alleges the allegations of paragraphs 1.1 through 3.2, above, as if fully set forth herein.

4.2     <u>Tender to American Family</u>.  On December 21, 2017, Evolution Architecture conducted a limited intrusive investigation and discovered hidden damage at the 750 Crockett condominium complex. On February 9, 2018, the Association tendered claims to American Family.  On February 15, 2018, American Family transmitted a letter to the Association stating that it would not enter into a tolling agreement.  To date, American Family has refused to enter into a tolling agreement.

## V.     FIRST CLAIM AGAINST AMERICAN FAMILY: DECLARATORY RELIEF THAT THE AMERICAN FAMILY POLICIES PROVIDE COVERAGE

5.1     <u>Incorporation by Reference</u>. The Association re-alleges and incorporates by reference the allegations of paragraphs 1.1 through 4.2, above, as if fully set forth herein.

5.2     <u>Declaratory Relief</u>. The Association seeks declaratory relief from the Court in the form of determinations regarding the following disputed issues:

a.      That American Family's policies cover the hidden damage to building paper, exterior sheathing, and framing at the 750 Crockett Condominium Complex.

b.      No exclusions, conditions, or limitations bar coverage under American Family's policies.

c.      The loss or damage to the 750 Crockett Condominium complex was incremental and progressive.  New damage commenced during each year of American Family's policies.

d.      As a result, American Family's policies cover the cost of repairing the building paper, exterior sheathing, and framing at the 750 Crockett Condominium complex.

## VI.     SECOND CLAIM: AGAINST AMERICAN FAMILY FOR INSURANCE BAD FAITH

6.1     <u>Incorporation by Reference</u>. The Association re-alleges and incorporates by reference the allegations of paragraphs 1.1 through 5.2, above, as if fully set forth herein.

6.2     A violation, if any, of one or more of the Washington claim handling standards set forth below is a breach of the duty of good faith, an unfair method of competition, an unfair or deceptive act or practice in the business of insurance, and a breach of the insurance contract.

6.3     American Family has refused to enter into tolling agreements.  In doing so American Family violated Washington claim handling standards including WAC 284-30-330(7) "Compelling a first party claimant to initiate or submit to litigation, arbitration, or appraisal to recover amounts due under an insurance policy…"

6.4     The business of insurance is one affected by the public interest, requiring that all persons be actuated by good faith, abstain from deception, and practice honesty and equity in all insurance matters. RCW 48.01.030.  An insurer has a duty to act in good faith. This duty requires an insurer to deal fairly with its insured. The insurer must give equal consideration to its insured's interests and its own interests and must not engage in any action that demonstrates a greater concern for its own financial interests than its insured's financial risk. An insurer who does not deal fairly with its insured, or who does not give equal consideration to its insured's interests, fails to act in good faith. *Am. States Ins. Co. v. Symes of Silverdale, Inc.*, 150 Wn.2d 462, 470, 78 P.3d 1266 (2003).

6.5     A violation of WAC claim handling procedure including WAC 284-30-330(7) is a breach of the duty of good faith.

6.6     American Family breached its duties of good faith to the Association by failing to enter into a tolling agreement with the Association and by forcing the Association to file suit in order to receive the benefit of its insurance contract. In refusing to enter into a tolling agreement, American Family has improperly pre-judged its coverage determination and any investigation conducted by American Family is illusory.

6.7     As a direct and proximate result of these breaches, the Association has been damaged in an amount to be proven at trial.

## VII. THIRD CLAIM:
## AGAINST AMERICAN FAMILY FOR VIOLATIONS OF THE CONSUMER PROTECTION ACT

7.1     The Association re-alleges and incorporates by reference paragraphs 1.1 through 6.7, above, as if fully set forth herein.

7.2     Violations of WAC claims handling standards are per se CPA violations. On information

and belief, the conduct of American Family was deceptive, impacted the public, and had the capacity to deceive. The Association is a consumer. As a direct and proximate result of American Family's violations, the Association has been damaged in an amount to be proven at trial. The Association is entitled to damages, CPA penalties of up to $25,000 per violation, and attorneys' fees under the CPA.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, the Association prays for judgment as follows:

8.1   <u>Declaratory Judgment Regarding Coverage</u>. A declaratory judgment that the American Family policies provide coverage as described herein. For money damages against American Family for the cost of repairing hidden damage at the 750 Crockett Condominium Complex in an amount to be proven at trial.

8.2   Monetary damages in an amount to be proven at trial.

8.3   <u>Attorneys' Fees and Costs of Suit</u>. For reasonable attorneys' fees (including expert fees). *See Olympic Steamship Co. v. Centennial Ins. Co.*, 117 Wn.2d 37, 811 P.2d 673 (1991), and RCW 48.30.015.

8.4   <u>CPA Penalties</u>. For CPA penalties against American Family of up to $25,000 per violation.

8.5   <u>Other Relief</u>. For such other and further relief as the Court deems just and equitable.

## IX.   DEMAND FOR JURY TRIAL

9.1   Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Association demands trial by jury in this action of all issues so triable.

DATED this 6th Day of April, 2018

STEIN, SUDWEEKS & HOUSER, PLLC

/s/ Daniel J. Stein
/s/ Justin D. Sudweeks
/s/ Daniel S. Houser
/s/ Jerry H. Stein
Daniel J. Stein, WSBA #48739
Justin D. Sudweeks, WSBA #28755
Daniel S. Houser, WSBA #32327
Jerry H. Stein, WSBA #27721

| | |
|---|---|
|1| |
|2| 2701 First Avenue, Suite 430 |
| | Seattle, WA 98121 |
|3| Email: dstein@condodefects.com |
| | justin@condodefects.com |
|4| dhouser@condodefects.com |
| | jstein@condodefects.com |
|5| Telephone: (206) 388-0660 |
| | Facsimile: (206) 286-2660 |

***Attorneys for Plaintiff***

COMPLAINT FOR DECLARATORY RELIEF, CPA
VIOLATION; BAD FAITH; AND DAMAGES - 6

STEIN, SUDWEEKS & HOUSER, PLLC
2701 First Ave., Suite 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660